ASCENSUS, LLC,

        Plaintiff,

v.

ASCEND PARTNER SERVICES, LLC,

        Defendant.

CASE NO.: 1:25-cv-00392-MN

JURY TRIAL DEMANDED

## ASCEND PARTNER SERVICES, LLC'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Ascend Partner Services, LLC (hereinafter "Defendant"), through undersigned counsel,

Answer the Plaintiff Ascensus, LLC's Complaint as follows:

Unless expressly admitted, Defendant denies each and every allegation in the Plaintiff's

Complaint.

## NATURE OF THE ACTION

1. This case concerns blatant trademark infringement of Ascensus's trademarks, branding, and overall "look and feel" by Ascend Partners.

**ANSWER: Defendant denies the allegations in this paragraph.**

2. Despite Ascensus's widespread and prominent use of its ASCENSUS, ASCEND and Pinnacle Logo marks, Ascend Partners recently adopted identical and nearly identical marks in connection with various consulting services geared toward the financial industry—the same industry in which Ascensus has operated for over 40 years. Depictions of Ascensus's marks alongside the infringing marks used by Ascend Partners show the nearly identical nature of the parties' marks, color schemes, font styles, and overall look & feel of the branding, even at a quick glance:



**ANSWER: Defendant admits that it has adopted or used the marks identified in the chart in this paragraph labeled "Ascend Partner Marks." Defendant denies the remainder of allegations in this paragraph.**

3. Defendant's adoption and use of trademarks nearly identical to those long used and owned by Ascensus for various financial services including, *inter alia,* business consulting and software for accounting and tax professionals, creates a likelihood of confusion in the marketplace and causes significant damage and irreparable harm to the substantial goodwill Ascensus has built.

**ANSWER: Defendant denies the allegations in this paragraph.**

<u>**PARTIES**</u>

4. Plaintiff Ascensus, LLC is a Delaware limited liability company having a principal place of business at 200 Dryden Road, Dresher, Pennsylvania 19025.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.**

5. On information and belief, Defendant Ascend Partner Services, LLC is a Delaware limited liability company, with an address at 901 North Glebe Road, Arlington, Virginia 22203.

**ANSWER: Defendant admits the allegations in this paragraph.**

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the claims pursuant to Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1331 (federal question jurisdiction) and 1338(b) (unfair competition), 28 U.S.C. §§ 1331, and 1338 (b).

**ANSWER: Defendant admits that this Court has subject matter jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.**

7.      Supplemental jurisdiction is proper for the state law claims pursuant to Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a), because the claim is so related to the federal claims that it forms part of the same case or controversy under Article III of the United States Constitution.

**ANSWER: Defendant admits that this Court can assert supplemental jurisdiction over Plaintiff's state and common law claim under 28 U.S.C. § 1367(a). Except as expressly admitted herein, Defendant denies the remaining allegations in this paragraph.**

8.      Jurisdiction and venue in this Court are proper under 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121(a). Jurisdiction over the claims brought under state statutory and common law is conferred pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

**ANSWER: Defendant denies that Plaintiff has established that venue is proper in this District under 28 U.S.C. § 1391(b), but for purposes of this action only, Defendant does not contest that venue is proper. Defendant incorporates by references its responses to paragraph 6 and 7 herein as to jurisdiction. Except as expressly admitted herein, Defendant denies the remaining allegations in this paragraph.**

9.      This Court has personal jurisdiction over Defendant, as Defendant resides in Delaware.

**ANSWER: Defendant denies that Plaintiff has established that the Court has personal jurisdiction over Defendant, but for purposes of this action only, Defendant does not contest personal jurisdiction. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.**

10. Venue in this Court is based upon 28 U.S.C. § 1391(b).

**ANSWER: Defendant denies that Plaintiff has established that venue is proper in this District under 28 U.S.C. § 1391(b), but for purposes of this action only, Defendant does not contest that venue is proper. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.**

### BACKGROUND

11. Ascensus is a financial services company that provides financial recordkeeping, tax-advantaged savings services, and retirement plan services.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.**

12. Founded in 1980, with more than 40 years of experience, Ascensus is the largest independent recordkeeping services partner, third-party administrator, and government savings facilitator in the United States.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.**

13. Since at least as early as 2007, Ascensus has been using the ASCENSUS trade name and trademark (the "ASCENSUS Mark") with a variety of financial services, including *inter alia,* recordkeeping and the administration of retirement plans, health savings accounts, and benefit plans.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to**

**the truth of the allegations in this paragraph, and therefore denies the same.**

14. Since at least as early as 2022, Ascensus has used its distinctive pinnacle logo (the "Pinnacle Logo") displayed below in connection with all of its services:



**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same. Defendant denies that the "Pinnacle Logo" as defined in the Complaint is "distinctive." Defendant further denies that Plaintiff's logo design is entitled to trademark protection, including as follows:**

**A product design that is widely and commonly used by several producers may be classified as "generic" and thus cannot serve a trademark role of identifying only one source. Plaintiff attempts to monopolize a simple triangle design that has been modified into the letter "A". It is unsurprising that such a symbol is commonly used by numerous companies that begin with the letter A. A non-exhaustive demonstrative follows:**

| Mark | Company |
|---|---|
|  | ACT Energy Technologies<br><br>https://actenergy.com/ |

| | | |
|---|---|---|
| | The Advocates for Self Government<br><br>https://www.theadvocates.org/ | |
| | Ascension Training<br><br>https://www.ascension-training.com/ | |
| | Asha Securities Limited<br><br>https://www.ashasecurities.net/ | |
| | Antillion<br><br>https://www.antillion.com/ | |

15.     In addition to its common law trademark rights, Ascensus is the owner of the following United States Trademark registrations and applications for its ASCENSUS Mark, ASCENSUS Mark and Pinnacle Logo combination mark, and Pinnacle Logo.

| Mark | Reg./Serial No. | Good/Services |
|---|---|---|
| ASCENSUS | Reg. No. 3,651,929 | **Class 9:** providing downloadable electronic benefit plan, retirement account, and health savings account forms and documents; CD-ROMs containing benefit plan, retirement account, and health savings account forms and documents<br>**Class 36:** Recordkeeping and administration of retirement plans, health savings accounts and benefit plans for others; recordkeeping and administration of retirement accounts for others; retirement plan trustee services; retirement plan custodial services, namely, holding, administering and transferring cash, securities, and other retirement plan assets; providing retirement account information by telephone and via the Internet<br>**Class 41:** Educational services, namely, |

| | | |
|---|---|---|
| | | classes, courses, and seminars in the fields of retirement planning and health savings accounts, and distributing course materials in connection therewith; training in the fields of retirement planning and health savings accounts<br>**Class 42:** Providing on-line temporary use of non-downloadable software for use in retirement planning and retirement education; providing on-line temporary use of non-downloadable software for use in administering health savings accounts; providing temporary use of non-downloadable software for use in changing and modifying health savings accounts and retirement accounts |
| ASCENSUS | Reg. No. 4,832,593 | **Class 9:** downloadable electronic data files featuring benefit plan, retirement account and health savings account forms and documents; pre-recorded digital media featuring benefit plan, retirement account and health savings account documents |
| ASCENSUS | Reg. No. 5,054,994 | **Class 35:** Recordkeeping for retirement plans, retirement accounts, health savings accounts and benefit plans for others; recordkeeping for college savings plans<br>**Class 36:** Providing retirement account financial information by telephone and via the Internet; administration of retirement plans, retirement accounts, health savings accounts and benefit plans for others; providing information dealing with finances, investments, and retirement financial planning; actuarial services; providing information about insurance enrollment, retirement plans, investment and financial planning; trustee services for retirement plans, benefit plans and trusts; financial custody services, namely, maintaining possession of assets of retirement plans, assets of benefit plans and assets of trusts for others; financial administration of college savings plans; financial transaction processing; providing investment account financial information via the Internet; financial services, namely, |

| | | a service that allows employers and employees to sign up for and contribute to investment plans and accounts through payroll deductions; investment fund services featuring acceptance of monetary contributions to investment accounts; bill payment services; financial retirement plan consulting services |
|---|---|---|
| ASCENSUS | Reg. No. 4,724,945 | **Class 35:** promoting public awareness of the benefits of saving for college and tax preferred accounts |
| ASCENSUS | Reg. No. 4,724,946 | **Class 41:** educational services, namely, classes, courses, and seminars in the fields of retirement planning, health savings accounts and benefit plans for others, and distributing course materials in connection therewith; training in the fields of retirement plans, benefit plans, and health savings accounts; educational services, namely, classes, courses, and seminars in the fields of investments, employee benefits, fringe benefits, insurance, retirement plans, and retirement accounts, and distributing course materials in connection therewith |
| ASCENSUS | Reg. No. 6,775,324 | **Class 35:** Financial and business record-keeping for retirement plans and retirement accounts; Financial and business record-keeping for savings plans and savings accounts; Financial and business record-keeping for benefit plans for others<br>**Class 36:** Administration of health savings account plans; Administration of retirement plans and retirement accounts; Administration of savings plans and savings accounts; Administration of financial benefit plans for others; Consulting services in the field of retirement plans and retirement accounts; Consulting services in the field of financial benefit plans; Consulting services in the field of savings plans and savings accounts; Providing information in the field of retirement plans and retirement accounts; Providing information in the field of insurance; Providing information |

| | | |
|---|---|---|
| | | in the field of financial planning; Providing information in the field of financial benefit plans; Providing information in the field of savings plans and savings accounts; Providing investment account financial information; Financial services, namely, a web- based portal developed to provide financial advisers with access to information on their clients' investment accounts; Financial custody services, namely, maintaining possession of assets of retirement plans, assets of benefit plans and assets of trusts for others for recordkeeping, payment and disbursement purposes; Financial services, namely, a service assisting others with completion of financial transactions by way of allowing employers and employees to sign up for and contribute to investment plans and accounts through payroll deductions; Financial transaction processing, namely, financial benefit plan transaction processing services; Trustee services for retirement plans, benefit plans and trusts; Investment fund services featuring acceptance of monetary contributions to investment accounts |
| ▲ASCENSUS | Reg. No. 7,441,836 | **Class 35:** Promoting public awareness of the benefits of saving money and tax preferred accounts; Financial record-keeping for retirement plans and retirement accounts; Financial record- keeping for savings plans and savings accounts; Financial record-keeping for benefit plans for Others |
| ▲ASCENSUS | Reg. No. 7,441,840 | **Class 41:** Educational services, namely, conducting programs in the field of savings, benefits and retirement, and distributing course materials in connection therewith; Providing on- line newsletters in the field of savings, benefits and retirement |
| ▲ASCENSUS | Reg. No. 7,443,449 | Class 42: Providing on-line temporary use of non- downloadable software for use in retirement planning; Providing on-line temporary use of non- downloadable software for use in administering |

| | | retirement plans and retirement accounts; Providing on-line temporary use of non-downloadable software for use in administering benefit plans for others; Providing on-line temporary use of non-downloadable software for use in administering savings plans and savings accounts; Providing on- line temporary use of non-downloadable software for electronic form generation in connection with retirement plans and retirement accounts; Providing on-line temporary use of non-downloadable software for electronic form generation in connection with benefit plans for others; Providing on-line temporary use of non-downloadable software for electronic form generation in connection with savings plans and savings accounts; Providing on-line temporary use of non- downloadable educational software featuring instruction in the field of retirement plans and retirement accounts; Providing on-line temporary use of non-downloadable educational software featuring instruction in the field of savings plans and savings accounts |
|---|---|---|
| | Reg. No. 7,441,843 | **Class 41:** Educational services, namely, conducting programs in the field of savings, benefits and retirement, and distributing course materials in connection therewith; Providing on-line newsletters in the field of savings, benefits and retirement |
| | Reg. No. 7,441,838 | **Class 35:** Promoting public awareness of the benefits of saving money and tax preferred accounts; Financial record-keeping for retirement plans and retirement accounts; Financial record-keeping for savings plans and savings accounts; Financial record-keeping for benefit plans for others |

| | | |
|---|---|---|
| | Reg. No. 7,443,450 | **Class 42:** Providing on-line temporary use of non-downloadable software for use in retirement planning; Providing on-line temporary use of non-downloadable software for use in administering retirement plans and retirement accounts; Providing on-line temporary use of non-downloadable software for use in administering benefit plans for others; Providing on-line temporary use of non-downloadable software for use in administering savings plans and savings accounts; Providing on-line temporary use of non-downloadable software for electronic form generation in connection with retirement plans and retirement accounts; Providing on-line temporary use of non-downloadable software for electronic form generation in connection with benefit plans for others; Providing on-line temporary use of non-downloadable software for electronic form generation in connection with savings plans and savings accounts; Providing on-line temporary use of non-downloadable educational software featuring instruction in the field of retirement plans and retirement accounts; Providing on-line temporary use of non-downloadable educational software featuring instruction in the field of savings plans and savings accounts |
| | Reg. No. 6,768,571 | **Class 35:** Financial and business record-keeping for retirement plans and retirement accounts; Financial and business record-keeping for savings plans and savings accounts; Financial and business record-keeping for benefit plans for others<br>**Class 36:** Administration of health savings account plans; Administration of retirement plans and retirement accounts; Administration of savings plans and savings accounts; Administration of financial benefit plans for others; Consulting services in the field of retirement plans and retirement accounts; Consulting services in the field of financial |

11

| | | |
|---|---|---|
| | | benefit plans; Consulting services in the field of savings plans and savings accounts; Providing information in the field of retirement plans and retirement accounts; Providing information in the field of insurance; Providing information in the field of financial planning; Providing information in the field of financial benefit plans; Providing information in the field of savings plans and savings accounts; Providing investment account financial information; Financial services, namely, a web-based portal developed to provide financial advisers with access to information on their clients' investment accounts; Financial custody services, namely, maintaining possession of assets of retirement plans, assets of benefit plans and assets of trusts for others for recordkeeping, payment and disbursement purposes; Financial services, namely, a service assisting others with completion of financial transactions by way of allowing employers and employees to sign up for and contribute to investment plans and accounts through payroll deductions; Financial transaction processing, namely, financial benefit plan transaction processing services; Actuarial services; Trustee services for retirement plans, benefit plans and trusts; Investment fund services featuring acceptance |
| | Reg. No. 6,768,572 | **Class 35:** financial and business record-keeping for retirement plans and retirement accounts; financial and business record-keeping for savings plans and savings accounts; financial and business record-keeping for benefit plans for others<br>**Class 36:** administration of health savings account plans; administration of retirement plans and retirement accounts; administration of savings plans and savings accounts; administration of financial benefit plans for others; consulting services in the field of retirement plans and retirement accounts; consulting services in |

| | | |
|---|---|---|
| | | the field of financial benefit plans; consulting services in the field of savings plans and savings accounts; providing information in the field of retirement plans and retirement accounts; providing information in the field of insurance; providing information in the field of financial planning; providing information in the field of financial benefit plans; providing information in the field of savings plans and savings accounts; providing investment account financial information; financial services, namely, a web-based portal developed to provide financial advisers with access to information on their clients' investment accounts; financial custody services, namely, maintaining possession of assets of retirement plans, assets of benefit plans and assets of trusts for others for recordkeeping, payment and disbursement purposes; financial services, namely, a service assisting others with completion of financial transactions by way of allowing employers and employees to sign up for and contribute to investment plans and accounts through payroll deductions; financial transaction processing, namely, financial benefit plan transaction processing services; actuarial services; trustee services for retirement plans, benefit plans and trusts; investment fund services featuring acceptance of monetary contributions to investment accounts |
| ASCENSUS | App. Ser. No. 98/073,701 | **Class 9:** Downloadable electronic data files featuring benefit plan and retirement and savings account forms and documents; Downloadable software for viewing and managing retirement accounts; Downloadable software for viewing and managing savings accounts; Downloadable software for viewing and managing benefit plans; Downloadable software for providing information relating to retirement accounts; Downloadable software for providing information relating |

| | | |
|---|---|---|
| | | to savings accounts; Downloadable software for providing information relating to benefit plans |
| **ASCENSUS** | App. Ser. No. 98/158,531 | **Class 16:** Printed books in the field of savings and retirement; Printed forms |
| | App. Ser. No. 98/073,715 | **Class 9:** Downloadable electronic data files featuring benefit plan and retirement and savings account forms and documents; Downloadable software for viewing and managing retirement accounts; Downloadable software for viewing and managing savings accounts; Downloadable software for viewing and managing benefit plans; Downloadable software for providing information relating to retirement accounts; Downloadable software for providing information relating to savings accounts; Downloadable software for providing information relating to benefit plans |
| | App. Ser. No. 98/158,535 | **Class 16:** Printed books in the field of savings and retirement; Printed forms |

**ANSWER: The defendant admits that according to United States Patent and Trademark Office ("USPTO") records, Plaintiff is listed as the owner of the marks embodied within this allegation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph, and therefore denies the same.**

16. Registration Nos. 3,651,929; 4,832,593; 4,724,946; 4,724,945; and 5,054,994 are incontestable pursuant to 15 U.S.C. § 1065.

**ANSWER: Defendant admits that according to USPTO records, Plaintiff filed and the USPTO accepted the Plaintiff's Section 15 declaration of incontestability. Defendant is without knowledge or information sufficient to form a belief as to the trust of the remainder of the allegations in this paragraph, and therefore denies the same.**

**17.** True and correct copies of the registrations and applications from the United States Patent and Trademark Office's ("USPTO") Trademark Status & Document Retrieval ("TSDR") system are attached as **Exhibit A.**

**ANSWER: Defendant admits that Exhibit A appears to reflect copies of registrations and applications from the USPTO's Trademark Status & Document Retrieval ("TSDR") system.**

18. In addition to the ASCENSUS Mark and Pinnacle Logo, Ascensus has common law rights in the mark ASCEND (the "ASCEND Mark") by virtue of its use in commerce of the ASCEND Mark from at least as early as 2016 in connection with educational services and conferences in the field of retirement planning, health savings accounts, and benefit plans. These services are offered to financial professionals, including *inter alia,* financial advisors, CPAs and other tax professionals. True and correct copies of webpages reflecting the use of the ASCEND Mark are attached in **Exhibit B** and illustrated below.



**ANSWER: This paragraph calls for a legal conclusion. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.**

19. Plaintiff's ASCENSUS Mark and Pinnacle Logo are integral to its brand identity, as evidenced in part by the manner in which the marks are used. For example, the Pinnacle Logo is prominently displayed on the ascensus.com website, and serves as the centerpiece of the company's marketing, as shown in the screenshots below.





**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.**

20. Ascensus's rights in the Pinnacle Logo extend to all color variations, including specific rights in the Pinnacle Logo as depicted in a green and blue color scheme (the "Green & Blue Color Scheme"). Ascensus prominently uses this Green & Blue Color Scheme not only as part of its Pinnacle Logo, but also throughout its website and other marketing channels. True and correct copies of webpages from the Ascensus website and other marketing materials reflecting the use of the ASCENSUS Mark, the Pinnacle Logo, and the Green & Blue Color Scheme, are shown below and attached as **Exhibit C.**


**INSTITUTIONAL PARTNERS**

# Don't just keep up. Get ahead.

Transformational changes in technology, regulations, and customer expectations make it challenging for retirement services providers to keep up, let alone get ahead. Yet when optimized, retirement plans are still a cost-effective growth channel.

Asset managers, banks, insurers, distributors, and state governments trust Ascensus to deliver stability, profitable growth, and innovation through technology-enabled outsourcing.

**Read case studies**




**CONSULTING**

# Enhance benefit and compensation plans with consulting services

If your organization needs help with fiduciary support, executive and workforce compensation, compliance and administration, or any other aspect of your compensation and retirement plans, we can provide comprehensive consulting services. Our multidisciplinary team brings a wealth of knowledge and experience to create solutions that are aligned with your organization's goals and culture.





**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.**

21.     Ascensus offers its goods and services to a wide variety of clients including, *inter alia,* individuals planning for retirement, employers, financial advisors, third party administrators, banks, and institutional partners.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.**

22.     Ascensus also markets, promotes, and offers services under the Pinnacle Logo and ASCENSUS Mark that are tailored to professionals advising on tax planning and savings. For example, FUTURE PLAN by ASCENSUS (depicted below) is a consulting service that provides, among other expertise, IRS and DOL regulatory compliance services to Ascensus clients.





**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.**

23.    With decades of experience in the industry, Ascensus has established a pristine reputation for delivering exceptional services.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.**

24.     By virtue of Ascensus's extensive sales and promotion of its goods and services under and in connection with its tradename and trademarks, including the ASCENSUS Mark, ASCEND Mark, and Pinnacle Logo (together, the "Plaintiff's Marks"), along with the consistent and prominent use of the Green & Blue Color Scheme across all of Ascensus's branding, marketing and corporate identity materials, Plaintiff's Marks, along with the Green & Blue Color Scheme, have become well-known and highly distinctive, are recognized by consumers, the public, and the trade as identifying and distinguishing Ascensus as the exclusive source of its high-quality goods and services, and represent a significant business investment and considerable goodwill of great value to Ascensus.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.**

**<u>Defendant's Willful Trademark Infringement Including its Use of Nearly Identical Marks and Green & Blue Color Scheme</u>**

25.     On information and belief, Defendant is a newly formed company that offers and/or intends to offer business management and administration services, business consulting services, real estate acquisition services, corporate merger services, tax and financial planning, and capital investment services directed to the accounting industry.

**ANSWER: Defendant denies the allegations in this paragraph.**

26.     On August 24, 2023, Defendant filed U.S. Trademark Application, Serial No. 98/148,165 (the "'165 Application") for ASCEND (the "Infringing Ascend Mark"), claiming a first use date of March 1, 2023, and covering the following applied-for services:

> **Class 35:** Business management and administration services; Business consulting services in the field of the aggregation of commercial enterprises; Help in the management of business affairs or commercial functions of commercial enterprises; Help in the management of business affairs or commercial functions of commercial accounting enterprises; Business management assistance and business management planning; Business consulting in the fields of enterprise management, human resource management, customer service management, corporate and merger strategy and post-merger integration strategy

> **Class 36:** Real estate acquisition services, namely, acquisition of commercial enterprises; Capital investment for recruiting and hiring staff for commercial enterprises

**ANSWER: Defendant admits that it filed a trademark application for the ASCEND mark – Serial No. 98/148,165 - on August 24, 2023, in connection with the services identified in this**

**paragraph; however, denies Plaintiff's characterization of the ASCEND mark as the "Infringing ASCEND Mark".**

27.     On December 23, 2024, Ascensus filed a Notice of Opposition with the Trademark Trial and Appeal Board (the "TTAB"), opposing the '165 Application for ASCEND and instituting Opposition Proceeding No. 91295907, which is currently pending.

**ANSWER: Defendant admits that on December 23, 2024, Ascensus filed a Notice of Opposition with the Trademark Trial and Appeal Board (the "TTAB"), opposing the '165 Application for ASCEND and instituting Opposition Proceeding No. 91295907. This matter is suspended, so Defendant denies the allegation that it is "currently pending."**

28.     On August 24, 2023, Defendant filed U.S. Trademark Application, Serial No. 98/148,170 (the "'170 Application") for the following design logo:



(the "Infringing Logo"), claiming a first use date of March 1, 2023 and covering the following applied-for services:

> **Class 35:** "Business management and administration services; business consulting services, namely, aggregation of commercial enterprises; Help in the management of business affairs, administration, management, or commercial functions of a commercial enterprise; Help in the management of business affairs, administration, management, or commercial functions of accounting services businesses; business management assistance and business management planning; business merger and acquisition services, namely, acquisition and merger consultation, providing information in the field of business mergers and acquisitions, recruiting and acquisition of commercial enterprises, providing assistance and capital for recruiting, hiring staff, growth, business administration; business consulting in the fields of enterprise management, human resource management, customer service management, corporate and merger strategy and post-merger integration strategy

**ANSWER: Defendant admits that it filed a trademark application for the design logo**  **– Serial No. 98/148,170 – on August 24, 2023, in connection with the services identified in this paragraph; however, denies Plaintiff's characterization of the design logo  as the "Infringing Logo".**

29. True and correct copies of the status reports for the aforementioned applications from the USPTO's TSDR system are attached as **Exhibit D.**

**ANSWER: Defendant admits the allegations in this paragraph.**

30. On December 2, 2024, the USPTO issued a Suspension Notice against the '170 Application[1] citing Ascensus's prior pending application, Serial No. 98/073732, for its Pinnacle Logo covering services in Class 35. A true and correct copy of the Suspension Notice from the USPTO's TSDR system is attached as **Exhibit E.**

**ANSWER: Defendant admits the allegations in this paragraph.**

31. On information and belief, Defendant advertises its services under and in connection with the Infringing Logo and Infringing Ascend Mark (the "Infringing Marks") including on its website, located at, https://www.ascendtogether.com/ and on social media. True and correct copies of webpages from Defendant's website and LinkedIn account are attached as **Exhibit F.**

**ANSWER: Defendant admits that it advertises its services under and in connection with the marks shown at Serial Nos. 98/148,165 and 98/148,170. Defendant denies all allegations of infringement. Defendant admits that Exhibit F reflects its prior website and LinkedIn page.**

32. On information and belief, Defendant adopted the Infringing Marks some time in 2023, long after Ascensus had used, registered, applied for, and established its priority in, its ASCEND, ASCENSUS and Pinnacle Logo Marks.

---

[1] The '170 Application is currently suspended indefinitely but not officially refused. If in the future, the '170 Application is approved for registration, Ascensus reserves its right to amend its pleadings to seek relief related to this application, including but not limited to requesting an order for express abandonment of the '170 Application.

**ANSWER: Defendant admits that according to USPTO records, its date of first use of the marks shown at Serial Nos. 98/148,165 and 98/148,170 is at least as early as March 1, 2023. Defendant admits that according to USPTO records for some of the marks identified in paragraph 15 of the Complaint reflects that Plaintiff used the marks prior to Defendant's date of first use of its marks. Defendant denies all allegations of infringement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph, and therefore denies the same.**

33. On information and belief, Defendant offers its business consulting services in connection with financial services, including services tailored for CPAs.

**ANSWER: Defendant denies the allegations in the form alleged within this paragraph; however, admits that it offers business consulting services.**

34. The Infringing Ascend Mark used by Defendant is identical to Plaintiff's common law ASCEND Mark and confusingly similar to Plaintiff's ASCENSUS Mark and is used in connection with goods and services that are directly and closely related and/or complementary to Ascensus's goods and services.

**ANSWER: Defendant denies the allegations in this paragraph.**

35. The Infringing Logo used by Defendant is nearly identical to Plaintiff's Pinnacle Logo and used with goods and services that are directly and closely related and/or complementary to Ascensus's goods and services.

**ANSWER: Defendant denies the allegations in this paragraph.**

36. On information and belief, Defendant, or an agent working on its behalf, copied Plaintiff's Marks, including the font style of the ASCENSUS Mark as well as Ascensus's Green & Blue Color Scheme, and adopted it as its own. A comparison of the marks as shown on the parties' respective websites and marketing materials is depicted below.

| Plaintiff Ascensus | Defendant Ascend Partners |
|---|---|





**ANSWER: Defendant admits that the chart in this paragraph titled "Defendant Ascend Partners" correctly shows how it has used or adopted the marks shown. Defendant denies the remainder of the allegations in this paragraph.**

37.     Defendant is not related or connected to, nor is it associated or affiliated with, Ascensus, and Defendant is not authorized by Ascensus to use, register, or apply to register ASCEND, the Green & Blue Color Scheme, the Pinnacle Logo, or any of Plaintiff's Marks.

**ANSWER: Defendant denies claims of use or infringement, and denies that it needs permission to conduct the activities listed in this paragraph, but otherwise admits the allegations in this paragraph.**

38.     On at least one occasion before filing the Complaint, Ascensus informed Defendant, directly and/or through its counsel, of its ownership of Plaintiff's Marks.

**ANSWER: Defendant admits the allegations in this paragraph.**

39.     Defendant is on at least constructive notice, under 15 U.S.C. § 1072, of Ascensus's

claim of ownership of its registered marks.

**ANSWER: This paragraph calls for a legal conclusion. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.**

40. Ascensus also informed Defendant that Defendant has no right to use Plaintiff's Marks and/or confusingly similar variations thereof.

**ANSWER: Defendant admits that Plaintiff informed Defendant that Defendant has no right to use Plaintiff's Marks; however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.**

41. Notwithstanding Defendant's constructive and actual knowledge of Plaintiff's Marks, Defendant has intentionally used the Infringing Marks in connection with its products and services.

**ANSWER: Defendant denies the allegations in this paragraph.**

42. On information and belief, Defendant's use of the Infringing Marks has caused, is likely to cause, and will cause confusion among relevant consumers, including customers in the financial services industry.

**ANSWER: Defendant denies the allegations in this paragraph.**

43. Ascensus will be damaged if the '165 Application matures to registration because Ascensus has prior rights in its ASCEND Mark and, should Defendant be allowed to register ASCEND, it will improperly confer various statutory presumptions to which Defendant is not entitled, including the ability to use the ® registered symbol, which gives the illusion of exclusive rights to consumers.

**ANSWER: Defendant denies the allegations in this paragraph.**

**COUNT I**
**<u>FEDERAL TRADEMARK INFRINGEMENT - 15 U.S.C. § 1114</u>**

44. This is a cause of action for federal trademark infringement under 15 U.S.C. § 1114.

**ANSWER: Defendant admits Plaintiff brings a claim for federal trademark infringement under 15 U.S.C. § 1114.**

45. The allegations of paragraphs 1-44 are incorporated by reference as though fully set forth herein.

**ANSWER: Defendant hereby incorporates the preceding paragraphs of this Answer as though fully set forth herein.**

46. The Infringing Marks used by Defendant in commerce constitute a reproduction, counterfeit, copy, and/or colorable imitation of Ascensus's federally registered ASCENSUS Mark and federally registered Pinnacle Logo. Such use by Defendant is likely to cause confusion, mistake, and/or deception and will cause serious and irreparable damage to the reputation and goodwill of the ASCENSUS Mark and Pinnacle Logo in violation of 15 U.S.C. § 1114, for which Ascensus is without an adequate remedy at law and has caused Ascensus to suffer monetary damage in an amount thus far not determined.

**ANSWER: Defendant denies the allegations in this paragraph.**

47. Upon information and belief, the aforesaid acts were undertaken willfully with the intention of causing confusion, mistake and/or deception.

**ANSWER: Defendant denies the allegations in this paragraph.**

48. In view of the notice provided by Ascensus to Defendant, Defendant's continued use of the Infringing Marks in association with its goods and services were, and remain, willful and intentional.

**ANSWER: Defendant denies the allegations in this paragraph.**

49. Defendant's acts of infringement have caused and are causing great and irreparable injury and damage to Ascensus's business, goodwill, and reputation in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable harm and damage.

**ANSWER: Defendant denies the allegations in this paragraph.**

50.    Ascensus is entitled to injunctive relief against Defendant, and anyone acting in concert with Defendant, to restrain further acts of trademark infringement and, after trial, to recover any damages proven to have been caused by Defendant's aforesaid acts and to recover enhanced damages based on Defendant's willful, intentional, and/or grossly negligent acts.

**ANSWER: Defendant denies the allegations in this paragraph.**

51.    Ascensus is also entitled to recover Defendant's profits as well as actual damages suffered by Plaintiff in an amount to be determined at trial, plus treble damages and attorneys' fees under 15 U.S.C. § 1117.

**ANSWER: Defendant denies the allegations in this paragraph.**

**COUNT II**
**FALSE DESIGNATION OF ORIGIN - 15 U.S.C. § 1125(a)**

52.    This is a cause of action for false designation of origin under 15 U.S.C. § 1125(a).

**ANSWER: Defendant admits Plaintiff brings a claim for false designation of origin under 15 U.S.C. § 1125(a).**

53.    The allegations of paragraphs 1-52 are incorporated by reference as though fully set forth herein.

**ANSWER: Defendant hereby incorporates the preceding paragraphs of this Answer as though fully set forth herein.**

54.    As described above, Ascensus owns common law rights in the ASCEND Mark in connection with the promotion of its educational conferences, consulting and training services related to retirement planning and advising, and common law and federally registered rights in the ASCENSUS Mark and Pinnacle Logo.

**ANSWER: Defendant denies the allegations in this paragraph.**

55.    Ascensus's ownership and use in commerce of the ASCENSUS Mark, the ASCEND Mark, and the Pinnacle Logo are superior to and predate any use of the Infringing Marks by Defendant.

**ANSWER: Defendant admits that according to USPTO records the marks identified in paragraph 15 of the Complaint reflects that Plaintiff used some of the marks prior to Defendant's date of first use of its marks. Defendant denies the remainder of the allegations in this paragraph.**

56. Defendant's use of the Infringing Marks in interstate commerce as described above constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a), because it is without Ascensus's consent and is likely to cause confusion, to cause mistake, and/or to deceive as to the origin or source of Defendant's services, and/or to cause consumers to believe, mistakenly, that Defendant is part of, or is sponsored, licensed, endorsed, or approved by, or otherwise affiliated with, Ascensus.

**ANSWER: Defendant denies the allegations in this paragraph.**

57. Defendant's use of the Infringing Marks in interstate commerce as described above—combined with their copying and use of Ascensus's well known and distinctive font style and Green & Blue Color Scheme—also is likely to cause, and indeed appears designed to cause—confusion, to cause mistake, and to deceive as to the origin or source of Defendant's services, and/or to cause consumers to believe, mistakenly, that Defendant is part of, or is sponsored, licensed, endorsed, or approved by, or otherwise affiliated with, Ascensus.

**ANSWER: Defendant denies the allegations in this paragraph.**

58. On information and belief, Defendant was at all relevant times aware of Plaintiff's Marks, including Ascensus's Green & Blue Color Scheme, and nevertheless adopted the Infringing Marks and advertises its products and services using an overall "look and feel" that is virtually identical to that of Ascensus, in a manner that trades off the goodwill owned and earned by Ascensus. As a result, Defendant's conduct is willful.

**ANSWER: Defendant denies the allegations in this paragraph.**

59. Defendant's actions have caused and are causing great and irreparable injury and damage to Ascensus's business, goodwill, and reputation in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable harm and damage.

**ANSWER: Defendant denies the allegations in this paragraph.**

60. Ascensus is entitled to injunctive relief against Defendant, and anyone acting in concert with Defendant, to restrain further acts of false designation of origin and, after trial, to

recover any damages proven to have been caused by Defendant's aforesaid acts.

**ANSWER: Defendant denies the allegations in this paragraph.**

61.     Ascensus is also entitled to recover Defendant's profits as well as actual damages suffered by Plaintiff in an amount to be determined at trial, plus attorneys' fees under 15 U.S.C. § 1117.

**ANSWER: Defendant denies the allegations in this paragraph.**

### COUNT III
### DECEPTIVE TRADE PRACTICES – 6 DEL. C. § 2532(a)

62.     This is a cause of action under the laws of the Delaware, wherein Defendant uses the Infringing Marks in commerce in connection with business management, business consulting, and financial services.

**ANSWER: Defendant admits Plaintiff brings a claim under the laws of Delaware. Defendant denies the allegations in the form alleged; however, admits it provides services for business management, business consulting, and financial services in Delaware. Defendant denies the remainder of the allegations in this paragraph and denies all allegations of infringement.**

63.     The allegations of paragraphs 1-62 are incorporated by reference as if fully set forth herein.

**ANSWER: Defendant hereby incorporates the preceding paragraphs of this Answer as though fully set forth herein.**

64.     The Infringing Marks used by Defendant in connection with its business management, business consulting, and financial services constitutes trademark infringement and violations of the laws of Delaware, violations which have caused damage and are likely to further damage Ascensus, for which Ascensus is without an adequate remedy at law.

**ANSWER: Defendant denies the allegations in this paragraph.**

65.     By using the Infringing Marks, and/or copying Ascensus's Green & Blue Color Scheme, Defendant has engaged and is in engaging in deceptive trade practices in violation of 6

Del. C. § 2532(a), by, in the course of its business, causing a likelihood of confusion and misunderstanding as to the source, sponsorship, approval, or certification of its goods and services, and as to the affiliation, connection, or association with, or certification by, Ascensus.

**ANSWER: Defendant denies the allegations in this paragraph.**

66.     Defendant also has violated the common law of Delaware, which prohibits, among other things, unfair competition. Such violations have damaged and are likely to further damage Ascensus.

**ANSWER: Defendant denies the allegations in this paragraph.**

67.     Defendant has deliberately persisted in its infringing use of the Infringing Marks despite its knowledge of Plaintiff's Marks with the intent to trade off the good will established by Ascensus in an effort to confuse and deceive consumers. As such, Defendant's infringement and violation of 6 Del. C. § 2532(a) is willful, warranting an assessment of costs and/or attorneys' fees against Defendant.

**ANSWER: Defendant denies the allegations in this paragraph.**

**COUNT IV**
**ORDER FOR EXPRESS ABANDONMENT/REFUSAL**
**OF ASCEND PARTNERS' '165 APPLICATION**

68.     The allegations of paragraphs 1-67 are incorporated by reference as if fully set forth herein.

**ANSWER: Defendant hereby incorporates the preceding paragraphs of this Answer as though fully set forth herein.**

69.     This Court has the power to determine whether Defendant is entitled to registration of ASCEND as claimed in Defendant's '165 Application under 15 U.S.C. § 1119 because this action involves registered marks.

**ANSWER: Defendant admits that 15 U.S.C. § 1119 provides: "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the**

31

**register with respect to the registrations of any party to the action." Defendant admits that this action involves registered marks.**

70. This action, including Count I under 15 U.S.C. § 1114, involves federally registered trademarks, namely, the ASCENSUS Mark.

**ANSWER: Defendant denies the allegations in this paragraph.**

71. There is a close nexus between Defendant's '165 Application for ASCEND and the issues of likelihood of confusion with Plaintiff's Marks in this case.

**ANSWER: Defendant denies the allegations in this paragraph.**

72. The goods and services identified in the '165 Application are closely related and complementary to the goods and services sold and rendered by Ascensus.

**ANSWER: Defendant denies the allegations in this paragraph.**

73. The parties' respective goods and services are and/or will be promoted in the same, overlapping, and/or similar channels of trade.

**ANSWER: Defendant denies the allegations in this paragraph.**

74. In light of Ascensus's prior-used and prior-registered ASCENSUS Mark, and common law ASCEND Mark, the use and registration of ASCEND by Defendant in connection with the applied-for goods and services is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin or source of Defendant's goods and services.

**ANSWER: Defendant denies the allegations in this paragraph.**

75. As a result of the likelihood of confusion, Ascensus will be damaged by the registration of Defendant's '165 Application for ASCEND.

**ANSWER: Defendant denies the allegations in this paragraph.**

76. In light of the foregoing, registration of Defendant's '165 Application should be refused under 15 U.S.C. § 1052(d).

**ANSWER: Defendant denies the allegations in this paragraph.**

77. Accordingly, Ascensus seeks a declaration that Defendant is not entitled to the registration of ASCEND and that the Court certify an Order to the Director of the USPTO to refuse registration of U.S. Serial No. 98/148,165.

**ANSWER: Defendant admits that per this cause of action, Plaintiff seeks a declaration that Defendant is not entitled to the registration of ASCEND and that the Court certify an Order to the Director of the USPTO to refuse registration of U.S. Serial No. 98/148,165. Defendant denies that Plaintiff is entitled to such a declaration.**

78. In the alternative, Ascensus seeks an order from the Court directing Defendant to file with the USPTO a Request for Express Abandonment (Withdrawal) of Application for U.S. Serial No. 98/148,165.

**ANSWER: Defendant admits that per this cause of action, Plaintiff seeks an order from the Court directing Defendant to file with the USPTO a Request for Express Abandonment (Withdrawal) of Application for U.S. Serial No. 98/148,165. Defendant denies that Plaintiff is entitled to such an order.**

## GENERAL DENIAL

Except as otherwise expressly stated in paragraphs 1 to 78 above, Defendant denies each and every allegation in paragraphs 1 to 78 of the Complaint, including, without limitation, the headings, sub-headings, and footnotes contained in the Complaint and generally deny the Plaintiff is entitled to the relief sought in the Prayer for Relief. Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, allegations contained in the Complaint to which no responsive pleading is required shall be deemed denied. Defendant reserves the right to amend and/or supplement this Answer to the Complaint.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Defendant states and alleges as follows. Defendant expressly reserves the right to assert or modify any defenses, affirmative defenses or otherwise, as might be established during discovery and by evidence in this matter.

## FIRST AFFIRMATIVE DEFENSE

Defendant affirmatively pleads Plaintiff's Complaint should be dismissed for failure to state a cause of action for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the equitable doctrines of acquiescence, waiver, laches, or estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because Plaintiff has misused its trademark by enforcing or attempting to enforce it beyond its lawful scope.

## FIFTH AFFIRMATIVE DEFENSE

Without admitting that the Complaint states a claim, the Complaint is barred, in whole or in part, by the equitable doctrine of mistake, as any wrongful acts alleged to have been committed by Defendants occurred innocently upon good faith, with a lack of knowledge and/or a lack of willful intent.

## SIXTH AFFIRMATIVE DEFENSE

There is no likelihood of confusion between Plaintiff's asserted marks and Defendant's use of the asserted mark.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively pleads and reserves the right to invoke any and all affirmative defenses raised by any other defendants who may later become parties to this action.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the complained-of actions, to the extent they occurred, were the result of conduct by third parties.

**NINTH AFFIRMATIVE DEFENSE**

Defendant avers that Plaintiff's claims are barred by applicable statutes of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's asserted marks are not protectable trademarks.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it has or will suffer any irreparable harm from Defendant's actions

**TWELFTH AFFIRMATIVE DEFENSE**

Without admitting that the Complaint states a claim, Plaintiff has not been damaged in any amount, manner or all by reason of any act alleged against Defendant in the Complaint, and the relief sought therefore cannot be granted.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the doctrine of fair use.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend, change, and/or modify the foregoing Affirmative Defenses and to assert additional affirmative defenses as they become known through further investigation and discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant, Ascend Partner Services, LLC, prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by virtue of its Amended Complaint;

2. That Plaintiff's Complaint and all claims be dismissed with prejudice;

3. That judgment enter in favor of Defendant;

4. For costs and disbursements incurred herein, including attorneys' fees, expenses, and costs; and

5. For such further and other relief as the Court may deem appropriate.

## REQUEST FOR JURY TRIAL

Defendants demands a jury trial on all issues in Plaintiff's Complaint.

Dated: May 30, 2025May 30, 2025

**GORDON REES**
**SCULLY MANSUKHANI, LLP**

OF COUNSEL:
Joseph L. Meadows, Esq. (*Pro Hac Vice Admission Pending)*

*/s/ Joseph E. Brenner*_____
Joseph J. Bellew (#4816)
Joseph E. Brenner (#6643)

**GORDON REES**
**SCULLY MANSUKHANI, LLP**
277 S. Washington Street, Suite 550
Alexandria, VA 22314
jmeadows@grsm.com

Gregory N. Brescia, Esq. (*Pro Hac Vice Admission Pending*)
**GORDON REES**
**SCULLY MANSUKHANI, LLP**
500 Mamaroneck Ave., Suite 503
Harrison, NY 10528
gbrescia@grsm.com

221 W. 10th Street, 4th Floor #447
Wilmington, DE 19801
(914) 777-2215
(302) 724-6444
jbellew@grsm.com
jbrenner@grsm.com

*Attorney for Defendant Ascend Partner Services, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned does hereby certify that, on May 30, 2025, a copy of the foregoing document was served on all counsel of record via the Court's CM/ECF System.

By: */s/ Joseph Bellew*　　　　
　　　Joseph Bellew, Esq.